UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANICE KAY JOHNSTON,

       Plaintiff,                                           Civil Action No. 13-CV-14443

v.                                                         Honorable Patrick J. Duggan

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFF'S OBJECTIONS, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, and (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a social security case. Plaintiff Janice Kay Johnston appeals from the final determination of the Commissioner of Social Security that she is not disabled and, therefore, not entitled to disability insurance benefits. The matter was referred to Magistrate Judge Michael Hluchaniuk for all pretrial proceedings. The parties filed cross-motions for summary judgment. On March 6, 2015, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be granted and that Plaintiff's motion be denied. Plaintiff has filed objections to the R&R. The Court reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b). The Court must affirm the Commissioner's decision if "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

The background and procedural history of this case, along with the general legal framework applicable in social society appeals, have been adequately summarized by the Magistrate Judge and need not be repeated here.

Plaintiff asserts three objections to the Magistrate Judge's R&R. Each objection encompasses multiple issues. For the most part, the objections merely restate the medical evidence of record and rehash arguments that have been considered and rejected by the Magistrate Judge, with no discussion of why the various conclusions reached by the Magistrate Judge are wrong. However, Plaintiff advances a few arguments in her objections that were not considered by the Magistrate Judge and merit discussion.

Plaintiff argues in her objections that the ALJ and Magistrate Judge erroneously ignored her lumbar spine condition. The Court does not agree. Plaintiff must show that she was disabled between January 1, 2007, her alleged disability onset date, and September 30, 2008, the date that she was last insured. *See Price v. Chater*, 106 F.3d 401 (Table), 1996 WL 742206, at *2 (6th Cir. 1996) ("In order to establish entitlement to social security disability insurance benefits, claimant must establish that he became 'disabled' prior to the expiration of his

insured status."). In his decision, the ALJ noted that Plaintiff's "back pain did not begin until the spring of 2009, well after her date last insured," and therefore "[did] not consider [her back condition] a severe impairment during the relevant period for this decision." ALJ Decision at 3 (ECF No. 10-2 Page ID 42). The conclusion that Plaintiff's back pain did not begin until 2009, which is after her last insured date, is supported by substantial evidence. During the hearing before the ALJ, Plaintiff testified that she suffered a back injury in 2009 and began receiving treatment for her back at that time. 4/17/12 Hr'g at 7 (ECF No. 10-2 Page ID 61). In addition, the ALJ thoroughly discussed the record medical evidence relating to the treatment Plaintiff received for her back condition. *See* ALJ Decision at 14-16. All of this treatment occurred after 2008 and, therefore, after Plaintiff's last insured date. Further, Plaintiff wrote on a medical form that symptoms related to lower back pain began on March 16, 2009. *See* 3/24/09 Medical Form from Strablow Chiropractic (ECF No. 10-7 Page ID 285). While the Court acknowledges that evidence post-dating the expiration of Plaintiff's insured status is relevant so long as it "relate[s] back to [her] condition prior to the expiration of [her] date last insured," *see Price*, 1996 WL 742206, at *2, Plaintiff does not cite evidence establishing that her back condition was an issue prior to 2009. Therefore, Plaintiff has not satisfied her burden of demonstrating disability arising from her back

3

condition during the time period relevant to this case. *See id.* ("Claimant bears the ultimate burden of proof on the issue of disability.").

Plaintiff implies in her objections that she did not receive treatment for her back condition prior to her last insured date because she did not have health insurance and could not afford treatment. *See* Objections at 1 (ECF No. 17 Page ID 690) ("Of note, there was a lack of applicable health insurance or financial means necessary to obtain medical treatment prior to the date last insured."). However, Plaintiff does not point to evidence supporting her assertion that she could not afford treatment prior to her last insured date, nor does Plaintiff cite evidence showing that she informed the ALJ that she could not afford treatment prior to her last insured date or that her purported financial constraints were apparent from the record before the ALJ. Notably, the regulations prohibit the ALJ from

> draw[ing] any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations *that the individual may provide, or other information in the case record*, that may explain infrequent or irregular medical visits or failure to seek medical treatment.

SSR 96-7P, 1996 WL 374186, at *7-8 (emphasis added). The ALJ cannot be faulted for failing to consider an explanation that was not offered by Plaintiff or apparent from the record. This is especially true where, as here, Plaintiff was represented by counsel at the hearing before the ALJ. Although the ALJ

4

conducted most of the questioning of Plaintiff, the ALJ afforded counsel an opportunity to question Plaintiff, and Plaintiff was not asked about her ability to afford medical treatment. 4/17/12 Hr'g at 13-14 (Page ID 67-68).

Plaintiff also argues that the ALJ improperly failed to consider the side effects of Plaintiff's medications. *See* Objections at 4, 10 (Page ID 693, 699). Plaintiff is correct that the ALJ is required to consider the side effects of Plaintiff's medications, *see* 20 C.F.R. § 404.1529(c)(3)(iv), but incorrect that the ALJ did not consider them here. In his decision, the ALJ specifically noted that Plaintiff "did not mention any adverse side effects from her medications." ALJ Decision at 8 (Page ID 47). In her summary judgment brief and objections, Plaintiff does not contend that the ALJ's observation is incorrect or cite evidence showing that she suffered side effects from her medications. Moreover, Plaintiff's attorney had an opportunity to question Plaintiff during the hearing before the ALJ, and the issue of medication side effects was not raised.

In sum, the Court has thoroughly reviewed this matter and concludes that substantial evidence supports the ALJ's determination that Plaintiff is not disabled. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's R&R is adopted;

**IT IS FURTHER ORDERED** that Plaintiff's objections to the Magistrate Judge's R&R are overruled;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is granted;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is denied;

**IT IS FURTHER ORDERED** that final determination of the Commissioner of Social Security that Plaintiff is not disabled is affirmed.


Dated: March 25, 2015                s/PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copies to:
Steven V. Harthorn, Esq.
Lynn Marie Dodge, AUSA